**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DENISE MCPEEK, | Case No. 2:13-cv-01371-JAD-PAL |
| Plaintiff, | **ORDER** |
| vs. | (Mtn for Bond - Dkt. #28) |
| HARRAH'S IMPERIAL PALACE, CORP. et al., | |
| Defendants. | |

This matter is before the court on Defendant Harrah's Imperial Palace Corporation's Demand for Deposit of Non-Resident Cost Bond to Plaintiff Denise McPeak (Dkt. #28) filed August 18, 2013, which the Clerk docketed as a Motion. No response was filed, and the time for filing one has now run. The court has considered the Demand. Defendant seeks an Order directing non-resident Plaintiff Denise McPeek to file a five hundred dollar bond with the Clerk of Court to secure costs and charges in this case pursuant to NRS 18.130.

NRS 18.130 provides that where a plaintiff resides out of state, security for the costs and charges which may be awarded against that plaintiff, by filing and serving a written demand on the plaintiff for those costs and charges within the time for filing an answer. Here, Plaintiff filed her Complaint (Dkt. #1) on July 26, 2012, in the United States District Court for the District of New Jersey. Defendant filed a Motion to Dismiss (Dkt. #7) on August 27, 2012. The court denied the Motion to Dismiss without prejudice and allowed Plaintiff to file an amended complaint. Plaintiff filed an Amended Complaint (Dkt. #16) on October 12, 2012. Defendant filed a Motion to Dismiss (Dkt. #17) on October 24, 2012, which the court denied without prejudice in an Order (Dkt. #22) entered June 18, 2013. Defendant re-filed the Motion to Dismiss (Dkt. #23) on July 1, 2013. The court denied the

/ / /

Motion to Dismiss as moot on August 2, 2013, and transferred this case to this district pursuant to 28 U.S.C. § 1631. *See* Order (Dkt. #25).

28 U.S.C. § 1631 provides that where an action is transferred to cure a lack of jurisdiction, the action shall proceed "as if it had been filed in or noticed for the court to which it was transferred on the date upon which it was actually filed in or noticed for the court from which it came. *Id.* Simply, put Defendant's answer was due no later than seventeen days after the Order denying the Motion to Dismiss as moot–i.e., on or before August 19, 2013. *See* Fed. R. Civ. P. 12(a)(4)(A); Fed. R. Civ. P. 6(d). Accordingly, the Demand for Bond was timely filed.

The Ninth Circuit recognizes that federal district courts have inherent power to require plaintiffs to post security for costs. *Simulnet E. Associates v. Ramada Hotel Operating Co.,* 37 F.3d 573, 574 (9th Cir. 1994). A federal district court typically follows the forum state's practice, especially where the party is a non-resident. *See* Wright & Miller, 10 Fed. Prac. & Proc. Civ. § 2671 (3d ed. 2013). Nevada permits the payment of security pursuant to NRS 18.130.

Having reviewed and considered the matter,

**IT IS ORDERED** that Defendant's Motion for Bond (Dkt. #28) is GRANTED. Plaintiff shall post a bond securing costs and fees in this matter with the Clerk of Court no later than **November 18, 2013.**

Dated this 16th day of October, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE