UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DENISE McPEEK,

                                    Plaintiff,

        v.

HARRAH'S IMPERIAL PALACE CORP.,

                                    Defendant.

Case No. 2:13-cv-01371-JAD-PAL

ORDER

Before the court is Plaintiff's Motion for Reconsideration of Order & Report & Recommendation Denying Plaintiffs' [sic] Motion for Extension of Deadline for Expert Disclosure (Dkt. #64) (Dkt. #67). The court has considered the Motion, Defendant's Response (Dkt. #69), and Plaintiff's Reply (Dkt. #71).

**BACKGROUND**

At a hearing conducted on April 14, 2015, the court heard arguments on Plaintiff's Motion for Sanctions (Dkt. #53) and Plaintiff's Motion to Extend Time (Dkt. #58). The court denied Plaintiff's motion for extension of the deadline for serving expert witness disclosures finding that Plaintiff's failure to comply with the court's discovery plan and scheduling order deadlines was neither substantially justified nor harmless.

The current motion is captioned both as a motion to reconsider and as an objection. This order addresses the request that I reconsider the order denying the requested relief.

This case was initially filed in the United States District Court for the District of New Jersey on July 26, 2012. It was transferred here in August 2013. The parties requested and received extensions of the discovery plan and scheduling order deadlines. The extended deadline for disclosing experts ran October 24, 2014, with rebuttal expert disclosures due November 24, 2014. Harrah's timely disclosed expert witnesses. Plaintiff disclosed no expert witnesses, but

did disclose 21 different medical providers who treated Plaintiff for the injuries claimed in this case.  The parties submitted a fourth request to extend the discovery plan and scheduling order deadlines on December 19, 2014.  *See* Stipulation (Dkt. #51).  The stipulation and proposed order requested an additional 37-day extension to complete discovery and file dispositive motions.  The stipulation specified the discovery remaining to be completed as the depositions of Nichole Nichols, Fernando Duenes and Antonio Rubino.   The parties also indicated that additional depositions may be needed.   However, the proposed schedule for completing discovery expressly stated that the deadline for initial expert designations and rebuttal expert designations had closed.

The motion to extend time Plaintiff challenges here was not filed until March 26, 2015, after the Defendants timely filed a Motion for Summary Judgment (Dkt. #52).  The Motion for Summary Judgment (Dkt. #52) argues that the Plaintiff has presented no facts upon which a reasonable juror could find in her favor on her claims. Alternatively, Harrah's seeks partial summary judgment for medical expenses occurred from September 2010, to the present because the medical records disclosed by the Plaintiff and obtained by Harrah's during discovery demonstrate that most of the physicians did not attribute Plaintiff's continued pain in her hip and lower back to the slips that occurred at Harrah's.

Plaintiff's motion for an extension was actually a request to reopen discovery to designate experts more than five months after the deadline.  It was filed a week after the deadline for responding to Harrah's motion for summary judgment.  It was filed because Plaintiff finally hired a doctor to perform a document review, causation report, response to Defendants' IME, and an additional expert to prepare a life care plan for the Plaintiff.  The motion did not indicate when Plaintiff retained her experts, but acknowledged that the designations were untimely. Plaintiff argued public policy favored disposition of cases on their merits, and the availability of less drastic sanctions weighed in favor of allowing untimely disclosures.  Plaintiff offered to pay Defendants' costs for engaging in the additional discovery necessary to address the untimely disclosures.  Plaintiff also argued the Defendants would not be prejudiced because no trial date had yet been set.

1    Plaintiff now seeks reconsideration of the court's denial of the motion to reopen arguing

2    the expert testimony is crucial to Plaintiff's case to prove causation and Plaintiff's life care plan

3    is crucial to her damages claim.  Plaintiff acknowledges that the request for extension was also

4    untimely, but again argues that Defendants will not be prejudiced because no trial date has been

5    set.   Plaintiff argues that the burden of obtaining medical records from 21 different treating

6    physicians, and need to obtain additional records from Plaintiff's worker's compensation file,

7    make the untimely disclosure substantially justified.  Plaintiff also argues that precluding the

8    causation and life care plan experts would be an abuse of discretion "in light of its catastrophic

9    effect on Mrs. McPeek's case."

10    Defendants oppose the motion arguing Plaintiff has not provided any new information

11    that was not raised in the earlier motion or at the hearing that would merit reconsideration.  The

12    accident in this case occurred in 2007, the motion to extend time for expert disclosures was filed

13    five months late and only after Defendants filed it motion for summary judgment.  Harrah's

14    timely disclosed its expert witnesses by the court imposed deadline on October 24, 2014.  The

15    parties' final request for an extension in December 2014 expressly provided that the deadline for

16    designating initial and rebuttal expert witnesses had closed.  Defendants maintain Plaintiff has

17    not met the standard for reconsideration or shown that the late disclosures were substantially

18    justified or harmless.  Therefore, automatic exclusion is the appropriate sanction under Rule

19    37(c).

20    **DISCUSSION**

21    **I.    Standard for Motions for Reconsideration.**

22    In the Ninth Circuit, district court has the inherent power to reconsider, rescind or modify

23    an interlocutory order. *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th

24    Cir. 2001).  The court's inherent power is derived from the common law, not from the Federal

25    Rules of Civil Procedure.  *Id.*  The court may reconsider an interlocutory order if the court: (1) is

26    presented with newly discovered evidence; (2) committed clear error or the initial decisions is

27    manifestly unjust; or (3) there is an intervening change in control and law. *Nunes v. Ashcroft*,

28    375 F.3d 805, 807 (9th Cir. 2004) (internal citations and quotations omitted).  Reconsideration is

3

1 "an extraordinary remedy, to be used sparingly and in the interests of finality and conservations

2 of judicial resources." *Kona Enters. Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000)

3 (internal quotation marks omitted).

4       Here, the Plaintiff has not even attempted to argue any of the three circumstances which

5 apply to justify a motion for reconsideration.

6 **II.    Untimely Disclosures.**

7       **A.  Rule 16(f).**

8       Rule 16(f) of the Federal Rules of Civil Procedure authorizes the court to impose

9 sanctions on a party's motion or on its own motion, including any sanction authorized by Rule

10 37(b)(2)(A)(ii-vii), if a party or its attorney fails to obey a scheduling order or other pretrial

11 order. *Id*. Sanctions for failure to obey a discovery order include, among other things, striking a

12 party's pleadings in whole or in part or rendering a default judgment against the disobedient

13 party. Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi).

14       Rule 16(f) gives the court broad discretion to sanction attorneys and parties who fail to

15 comply with reasonable case management orders of the court so that they "fulfill their high duty

16 to insure the expeditious and sound management of the preparation of cases for trial." *Matter of*

17 *Sanctions of Baker*, 744 F.2d 1438, 1440 (10th Cir. 1994) (en banc). The Ninth Circuit has held

18 that the purpose of Rule 16 is "to encourage forceful judicial management." *Sherman v. United*

19 *States*, 801 F.2d 1133, 1135 (9th Cir. 1986); *see also* Fed. R. Civ. P. 16 advisory committee's

20 note (stating "explicit reference to sanctions reinforces the rule's intention to encourage forceful

21 judicial management.") Violations of Rule 16 are neither technical nor trivial. *Martin Family*

22 *Trust v. Heco-Nostalgia Enterprises, Co.,* 186 F.R.D. 601, 603 (E.D. Ca. 1999). Rule 16 is

23 critical to the court's management of its docket and prevents unnecessary delays in adjudicating

24 cases. *Id*. The Ninth Circuit has emphasized that a case management order "is not a frivolous

25 piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."

26 *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal quotations

27 and citations omitted). Disregard of a court order undermines the court's ability to control its

28 docket and rewards the indolent and cavalier. *Id*.

4

Violations of a scheduling order may result in sanctions including dismissal under Rule 37(b)(2)(C). *Dreith v. Nu Image, Inc.,* 648 F.3d 779, 787 (9th Cir. 2011) (internal quotations omitted). The goal of Rule 16 is to get cases decided on the merits. *In re: Phenylpropnolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). Rule 16(f) "puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order, including dismissal." *Id.*

**B. Rule 37.**

Rule 37 of the Federal Rules of Civil Procedure authorizes a wide range of sanctions for a party's failure to engage in discovery. The court has the authority under Rule 37(b) to impose litigation-ending sanctions. The Rule authorizes sanctions for a party's failure to make disclosures or cooperate in discovery. Rule 37(c)(1) provides, in relevant part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1). Rule 37 "gives teeth" to the disclosure requirements of Rule 26 by forbidding the use at trial of any information that is not properly disclosed. *Goodman v. Staples The Office Superstore,* 644 F.3d 817, 827 (9th Cir.2011). Rule 37(c)(1) is a "self-executing, automatic" sanction designed to provide a strong inducement for disclosure. *Id.* The 1993 amendments to Rule 37 were "a recognized broadening of the sanctioning power." *Yeti by Molly*, 259 F.3d at 1106. Rule 37(a)(3) explicitly provides that an evasive or incomplete disclosure, answer, or response to a discovery obligation "is to be treated as a failure to disclose, answer, or respond." *Id.*

In the Ninth Circuit, "[t]he district court is given broad discretion in supervising the pretrial phase of litigation." *Continental Lab.,* 195 F.R.D. at 677 (quoting *Miller v. Safeco Title Ins. Co.,* 758 F.2d 364, 369 (9th Cir.1985)). If full compliance with Rule 26(a) is not made, Rule 37(c)(1) mandates some sanction, "the degree and severity of which are within the discretion of the trial judge." *Keener v. United States,* 181 F.R.D. 639, 641 (D. Mont.1998). The Ninth Circuit reviews a district court's decision to sanction for a violation of the discovery rules for

abuse of discretion which gives "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Yeti by Molly Ltd.,* 259 F.3d at 1106 (citing *Ortiz–Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico,* 248 F.3d 29, 34 (1st Cir.2001)).

In this case, Plaintiff provided no justification at all for its failure to timely disclose expert witnesses. Plaintiff did not even retain expert witnesses until long after the expert witness disclosure deadline had passed and after Defendant filed its motion for summary judgment. During oral argument on the motion to extend, Plaintiff's counsel acknowledged that Plaintiff had the benefit of receiving Defendant's timely expert witness disclosures, but could not explain why months passed after the expert witness disclosure deadline ran before Plaintiff even retained experts. Plaintiff's counsel also had no explanation for stipulating that the deadlines for designating experts and rebuttal experts had closed in the December 19, 2014, stipulation to extend the discovery cutoff by 37 days for specified purposes. Rather, Plaintiff emphasized that cases should be decided on their merits, and that Plaintiff's case may be gutted if the untimely disclosure of experts is not allowed.

The court has the discretion under Rule 16 to modify a discovery plan and scheduling order for "good cause" prior to the expiration of the deadlines if the pretrial scheduled "cannot reasonably be met despite the diligence of the parties seeking the extension." Federal Rules of Civil Procedure Advisory Committee Notes (1983). Good cause means the scheduling deadlines cannot be met despite the parties' diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th. Cir. 1992). "Although the existence and degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reason for seeking modification." *Id.* "If a party was not diligent, the inquiry should end." *Id.* Plaintiff has not met her burden of establishing she was diligent in attempting to comply with court imposed deadlines.

In this case, the motion to extend was filed nearly five months after the deadline for designating experts. As such, Plaintiff was required to show not only good cause, but excusable neglect for failure to comply with the court imposed deadline. "A request made after the

1   expiration of the specified period shall not be granted unless the moving party, attorney, or other

2   person demonstrates that the failure to act was the result of excusable neglect."  LR 6-1(b).

3           In denying the motion to extend the court found that Plaintiff did not establish that her

4   failure to comply with the October 24, 2014, deadline for designating experts was substantially

5   justified or harmless.  On December 19, 2014, Plaintiff stipulated that the deadline for disclosing

6   experts and rebuttal experts had closed.  The motion to extend the deadlines was actually a

7   motion to reopen discovery to serve untimely expert disclosures.  The motion did not establish

8   good cause, let alone excusable neglect.   Additionally, because the motion was filed after

9   Defendants had already designated their experts, after the close of discovery, and after

10  Defendants had filed their motion for summary judgment, the court found Defendants would be

11  prejudiced by the untimely designation of experts.

12          Plaintiff argues that Defendants would not be prejudiced by the late designations because

13  Plaintiff offered to pay the cost of the additional discovery and no trial date had been set. These

14  arguments ignore the prejudice of further delay, and the fact that a trial date is not set in this

15  district until after the close of discovery, after dispositive motions are decided and after the joint

16  pretrial order is filed.  This accident occurred in 2007. The case was initially filed in New Jersey

17  in 2012 before being transferred to this district a year later. The parties have had more than twice

18  the amount of time deemed presumptively reasonable to complete discovery under our local

19  rules after the case was transferred. Plaintiff had ample time to retain experts.

20          The Plaintiff also fails to appreciate the judicial resources that have been consumed by

21  untimely requests to reopen discovery, and the additional motion practice which will inevitably

22  occur if the motion to reopen is granted.   Defendants' motion for summary judgment is

23  predicated on the discovery that has been completed, not the case Plaintiff now wishes to

24  present.

25          When the motion to extend was initially denied I found, and still find, that the Defendants

26  would be prejudiced by allowing the untimely designation of experts because the newly

27  identified experts would provide opinion testimony that substantially changes the posture of this

28  case concerning the nature and extent of injuries and damages attributable to Plaintiffs' slips at

Harrah's.  Plaintiff does not dispute that none of her treating physicians attribute all of her present complaints to this accident.  It is clear that this is the reason she now wants to designate these two experts. Granting the late designations would also require reopening of discovery to permit the Defendants to depose the untimely disclosed experts long after the close of discovery, designate rebuttal experts, and depose the rebuttal experts.  It would also almost inevitably result in another motion for summary judgment based on the newly disclosed opinions, which would constitute an utter waste of the resources addressed to the motion for summary judgment Harrah's timely filed after the close of discovery and in compliance with the court's discovery plan and scheduling order.

There is simply no justification at all for Plaintiff's failure to timely comply with the court's scheduling order and untimely attempt to designate experts five months after the expiration of the extended deadline.  To allow late designations under the circumstances of this case would interfere with the court's efforts to manage its docket to get this case timely to trial and reward Plaintiff for her counsel's indolent and cavalier disregard of the court's scheduling orders.  Finally, Plaintiff has not met her burden of establishing any basis for reconsideration of the court's order.   This motion is simply a rehash of arguments previously made and rejected. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. #67) is **DENIED.**

DATED this 19th day of May, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE