UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Denise McPeek, | 2:13-cv-01371-JAD-PAL |
| Plaintiff | |
| v. | **Order Denying Plaintiff's Appeal of Magistrate Judge's Order** |
| Harrah's Imperial Palace Corp., *et al*, | [ECF 66] |
| Defendants | |

    Plaintiff Denise McPeek sues defendant[1] Harrah's Imperial Palace Corp. for injuries she allegedly sustained while she was staying at Harrah's Imperial Palace Hotel and Casino in July 2010. McPeek asks me to reconsider[2] Magistrate Judge Peggy Leen's order[3] denying her grossly untimely "motion for extension of deadline for expert disclosure."[4]  Because I find McPeek has not shown that Judge Leen's order is clearly erroneous or contrary to law, I deny her motion.

### Background

    This slip-and-fall case started in the United States District Court for the District of New Jersey on July 26, 2012.[5]  It was transferred here in August 2013.[6]  After the transfer, the parties

---

[1] Plaintiff also sued Caesars Entertainment Corp. and Harrah's New Jersey, Inc., but the parties stipulated to the dismissal of all claims against these two defendants in August 2014. ECF 48. Harrah's Imperial Palace Corp. is the only remaining defendant.

[2] Though McPeek styles her motion as an "Objection to Report & Recommendation," her challenge is actually an appeal of a magistrate judge's order under 28 U.S.C.§ 636(b)(1)(A).

[3] ECF 64.

[4] ECF 58.

[5] ECF 1.

[6] ECF 26.

requested and received three extensions of the discovery plan and scheduling-order deadlines.[7] The extended deadline for disclosing experts expired October 24, 2014, with rebuttal expert disclosures due one month later. Although Harrah's timely disclosed its expert witnesses,[8] McPeek designated none. She did, however, disclose 21 different treatment providers.

The parties submitted a fourth request to extend the deadlines in December 2014.[9] The stipulation and proposed order requested an additional 37-day extension to complete discovery and file dispositive motions.[10] It also expressly noted that the deadline for initial expert designations and rebuttal expert designations had passed.[11] Judge Leen granted the parties' request; discovery closed on January 30, 2015, and the deadline to file dispositive motions was extended to March 2, 2015.

Harrah's timely filed a motion for summary judgment on March 2, 2015,[12] prompting McPeek to file her motion to extend deadline for expert disclosure on March 26, 2015—five months after the deadline had expired. As Judge Leen accurately noted, McPeek's motion for "extension of deadline for expert disclosure"[13] is actually a motion to reopen discovery because it was filed well after the discovery deadlines passed. McPeek sought to reopen discovery to designate two experts: (1) a life care expert to opine on her future medical expenses and (2) a causation expert.

At the motion hearing, Judge Leen found McPeek had failed to show that she missed the deadlines due to excusable neglect, or that her delay was substantially justified or harmless;

---

[7] ECF 41, 44, 49.

[8] ECF 62-2.

[9] ECF 51.

[10] *Id.* at 2.

[11] *Id.* at 5.

[12] ECF 52.

[13] ECF 58.

accordingly, she denied the motion.[14] McPeek filed a motion to reconsider,[15] which Judge Leen promptly denied.[16] Plaintiff now appeals Judge Leen's rulings to me and asks that she be permitted to reopen discovery so she can designate these experts.[17]

## Discussion

### A. District Judge Review under 28 U.S.C. § 636(b)(1)(A)

A district judge may reconsider any pretrial order of a magistrate judge if it is "clearly erroneous or contrary to law."[18] The clearly erroneous standard applies to a magistrate judge's findings of fact.[19] "A finding is clearly erroneous when[,] although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[20] A magistrate judge's order "is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure."[21] The district judge "may affirm, reverse, or modify" the ruling made by the magistrate judge, or remand the ruling to the magistrate judge with instructions.[22]

### B. Local Rule IB 3-2 and Civil Rule 37(c)(1)

Under our local rules, "[a] request made after the expiration of the specified period shall not be granted unless the moving party . . . demonstrates that the failure to act was the result of excusable

---

[14] ECF 64.

[15] ECF 66.

[16] ECF 72.

[17] ECF 66.

[18] 28 U.S.C. § 636(b)(1)(A).

[19] *Concrete Pipe & Prods. of Cal., Inc., v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993).

[20] *Id.* at 622 (internal quotation marks and citation omitted).

[21] *Yent v. Baca*, 2012 WL 32810316, at *2 (C.D. Cal. 2002).

[22] LR IB 3-2.

neglect."[23] Civil Rule 37(c)(1)[24] imposes automatic sanctions for failing to comply with the discovery deadlines set by the court. The rule requires exclusion at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed, unless the failure to disclose was substantially justified or harmless.[25] The burden rests with the party facing the sanctions.[26]

**C.    Judge Leen's ruling is not clearly erroneous or contrary to law.**

McPeek argues that Judge Leen abused her discretion because her untimely disclosure was harmless given that (1) a trial date has not been set and (2) she has offered to pay Harrah's related discovery costs.[27] McPeek further argues that her motion should be granted because excluding her expert's testimony would be "utterly catastrophic" to her case.[28] Harrah's responds that McPeek has failed to meet her burden of proving either substantial justification or harmlessness.[29]

In denying McPeek's motion for reconsideration, Judge Leen explained that, because the motion was filed after Harrah's "had already designated [its] experts, after the close of discovery, and after [Harrah's] filed its motion for summary judgment," Harrah's would be prejudiced by the untimely designation of experts.[30] She concluded: "There is simply no justification at all for [McPeek's] failure to timely comply with the court's scheduling order and untimely attempt to designate experts five months after the expiration of the extended deadline."[31] I agree.

McPeek still has not offered any justification at all for her failure to timely disclose experts.

---

[23] LR 6-1(b).

[24] FED R. CIV. P. 37(C)(1).

[25] *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008).

[26] *Torres v. City of LA.*, 548 F.3d 1197, 1213 (9th Cir. 2008).

[27] ECF 66 at 2.

[28] *Id.*

[29] ECF 68 at 6.

[30] *Id.* at 7.

[31] *Id.* at 8.

1  She has not explained why she failed to request an extension before the deadlines expired or
2  why—in the parties' fourth stipulation to extend the discovery deadlines—she stipulated that the
3  expert disclosure periods had closed.  Though McPeek characterizes her late request as an
4  "inadvertent failure,"[32] the more likely explanation is that McPeek did not request an extension
5  earlier because she did not realize that she needed these experts until Harrah's pointed out the holes
6  in her case in its motion for summary judgment.

7  Nor has McPeek shown that this delay was harmless.  She repeatedly points to the fact that
8  "trial has not even been set in this matter" to argue that the delay was harmless.[33]  But, as Judge Leen
9  pointed out, this argument completely ignores the fact that a trial date is not set in this district until
10 after the close of discovery, after dispositive motions are decided, and after the joint pretrial order is
11 filed.[34]  McPeek's second argument that her failure to disclose is harmless because she will
12 reimburse Harrah's related discovery costs is equally unavailing.  McPeek completely ignores the
13 other harm to Harrah's that would inevitably result if I allowed her to designate experts at this late
14 stage of the proceedings—like further delay and additional motion practice, including filing a second
15 motion for summary judgment—and the utter waste of judicial resources that this would cause.

16 I find that McPeek has not demonstrated excusable neglect for failing to timely request an
17 extension of the discovery deadlines or that her failure to timely disclose experts was substantially
18 justified or harmless.  Judge Leen's order declining to reopen discovery five months after these
19 disclosures were due and after McPeek had the benefit of Harrah's expert disclosures and motion for
20 summary judgment was not clearly erroneous or contrary to law.
21 //
22 //
23 //
24 //
25 ──────────────
26 [32] ECF 62 at 7.
27 [33] ECF 66 at 2–4
28 [34] ECF 72 at 7.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration **[ECF 66] is DENIED.** Magistrate Judge Leen's order denying McPeek's motion to extend the expert-disclosure deadline **[ECF 58, 64] is AFFIRMED.**

Dated this 1 day of September, 2015

_____
Jennifer A. Dorsey
United States District Judge