UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Denise McPeek,

    Plaintiff

v.

Harrah's Imperial Palace Corp. *et al*,

    Defendant

2:13-cv-01371-JAD-PAL

**Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment [ECF 52] and Denying Plaintiff's Countermotion for Summary Judgment [ECF 59]**

    Plaintiff Denise McPeek sues defendant[1] Harrah's Imperial Palace Corp. for injuries she allegedly sustained when she was staying at Harrah's Imperial Palace Hotel and Casino in the summer of 2010.[2] Harrah's moves for summary judgment arguing that (1) there is no evidence that Harrah's was negligent and (2) McPeek's comparative negligence bars her recovery.[3] Alternatively, Harrah's moves for partial summary judgment on most of McPeek's claimed medical expenses and any future medical expenses.[4] I find that genuine issues of material fact preclude complete summary judgment, but Harrah's is entitled to partial summary judgment on most of McPeek's claimed medical expenses and any future medical expenses because she has provided no admissible evidence to support these damages. And as I find that liability is genuinely disputed, I also deny McPeek's countermotion for partial summary judgment.[5]

---

[1] McPeek also sued Caesars Entertainment Corp. and Harrah's New Jersey, Inc., but the parties stipulated to the dismissal of all claims against these two defendants in August 2014. ECF 48. Harrah's Imperial Palace Corp. is the only remaining defendant.

[2] ECF 1.

[3] ECF 52 at 3.

[4] *Id.* at 14.

[5] I find this motion suitable for disposition without oral argument. Nev. L.R. 78-2.

Page 1

## Background

In July 2010, McPeek vacationed with her daughter in Las Vegas and they stayed at Harrah's Imperial Palace Hotel and Casino.[6] McPeek alleges that she slipped on water on the tile elevator landing of the 14th floor on three separate occasions during her stay.[7] According to McPeek, the water dripped from a nearby air-conditioning unit.[8] Each time she slipped, McPeek twisted and caught herself on the wall; she did not fall to the floor.[9] After each slip, McPeek's daughter called the front desk and made a report.[10] After the third slip, McPeek called for medical assistance and was taken to the hospital by ambulance; she was discharged later that evening.[11]

McPeek sued Harrah's in the United States District Court for the District of New Jersey almost two years later, alleging that the third slip at Harrah's injured her back.[12] The case was transferred to this district in August 2013.[13] The extended deadline for disclosing experts expired October 24, 2014, with rebuttal expert disclosures due one month later. Although Harrah's timely disclosed its expert witnesses,[14] McPeek disclosed none. She did, however, disclose 21 different treatment providers. Discovery closed on January 30, 2015, and dispositive motions were due March 2, 2015.

Harrah's timely filed this motion for summary judgment.[15] McPeek filed her response, which

---

[6] ECF 16.

[7] *Id.*

[8] ECF 59 at 2.

[9] ECF 52-3 at 28:14–22; 36:17–25; 41:6-15.

[10] *Id.* at 32:4–6; 36:15–16; 42:1–10; ECF 52-8.

[11] ECF 59 at 2.

[12] ECF 16 at 4.

[13] ECF 26.

[14] ECF 62-2.

[15] ECF 52.

includes a countermotion for summary judgment, and her "motion to extend deadline for expert disclosure."[16] Both were filed on March 26, 2015—five months after the expert disclosure deadline expired.[17] McPeek sought to reopen discovery to designate two experts: (1) a life care expert to opine on her future medical expenses and (2) a causation expert.[18] Magistrate Judge Leen denied McPeek's motion to extend the expert-disclosure deadline, and I affirmed Judge Leen's decision.[19] The failure of McPeek's efforts to reopen discovery to hire and disclose these experts leaves her unable to rely on their anticipated opinions. And it leaves her with a glaring dearth of evidence to prove her damage theories.

## Discussion

**A.  Summary Judgment Standards**

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[20] When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[21] If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[22]

If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts

---

[16] McPeek's motion for "extension of deadline for expert disclosure" is actually a motion to reopen discovery because it was filed well after the deadlines it sought to "extend" had expired.

[17] ECF 52.

[18] ECF 59, 58.

[19] ECF 64, 72, 73.

[20] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R. CIV. P. 56(c)).

[21] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[22] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

showing that there is a genuine issue for trial."[23] The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"; he "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[24] The court only considers properly authenticated, admissible evidence in deciding a motion for summary judgment.[25]

**B.     Premises-liability in Nevada**

To prevail on a negligence claim under Nevada law, a plaintiff must show that "(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the breach was the legal cause of the plaintiff's injuries, and (4) the plaintiff suffered damages."[26] Whether a defendant breached a duty is generally a question of fact for the jury.[27] "[A] business owes its patrons a duty to keep the premises in a reasonably safe condition for use."[28] A foreign substance on the floor is generally not consistent with the standard of ordinary care. If a business or its agent creates the hazard, the business will be liable; if someone else creates the hazard, the owner will only be liable if it had actual or constructive notice and failed to remedy it.[29]

**C.     Material facts establishing Harrah's liability are genuinely disputed.**

Harrah's argues that it is entitled to summary judgment because McPeek has offered no evidence that (1) the air-conditioner was defective; (2) that Harrah's caused water to be on the floor; or (3) that Harrah's had notice that water was on the floor and failed to timely clean it up.[30] McPeek

---

[23] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[24] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

[25] FED. R. CIV. P. 56(c); *Orr*, 285 F.3d at 773–74.

[26] *DeBoer v. Sr. Bridges of Sparks Fam. Hosp.*, 282 P.3d 727, 732 (Nev. 2012).

[27] *Harrington v. Syufy Enters.*, 931 P.2d 1378, 1380 (Nev. 1997).

[28] *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993).

[29] *See id.* at 322–23.

[30] ECF 52 at 9–10.

counters[31] that she is entitled to summary judgment on the issue of liability because she has provided substantial evidence showing that the water or condensation on the floor came from the air-conditioning unit—which was in Harrah's exclusive control—and Harrah's has provided no evidence to the contrary.[32] And even if Harrah's or its agents did not cause the water to be on the floor, Harrah's knew that water had repeatedly accumulated there and failed to take protective measures.[33]

In support of her argument, McPeek points to the deposition of Dennis Hall, a Harrah's security investigator, who conceded that he had seen multiple incident reports prior to McPeek's stay indicating that patrons had slipped on what was believed to be water coming from one of the air-conditioning units.[34] She next points to a photograph of the elevator landing taken immediately following the incident that shows several towels on the floor.[35] McPeek also offers two engineering department work orders dated before her third slip that state "[n]o leak found[] [j]ust condensation[,]"[36] along with her deposition testimony that she slipped on water and reported the water on the floor to the front desk after each slip.[37] However, the only evidence upon which McPeek relies that is properly authenticated is her own deposition.[38]

---

[31] Harrah's also argues that McPeek's countermotion should be denied outright as untimely and considered only as an opposition. ECF 63 at 13. I consider McPeek's motion together with Harrah's motion in the interest of judicial economy because it raises the same issues as and is responsive to Harrah's motion.

[32] ECF 59 at 8–9.

[33] *Id.* at 9.

[34] ECF 59-3 at 48:4–16.

[35] ECF 59-2 at 3.

[36] ECF 59-2 at 4–6.

[37] ECF 52-3 at 31:25–32:23, 33:12–34:4, 42:18–23.

[38] "A deposition is authenticated in a motion for summary judgment when it identifies the names of the deponent and the action and includes the reporter's certification that the deposition is a true record of the testimony of the deponent." *Orr*, 285 F.3d at 774. The only exhibits in this case properly authenticated by either party are: McPeek's deposition, ECF 52-3, McPeek's declaration,

Page 5

The Ninth Circuit has repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment.[39] After discovery has closed, a moving defendant may carry its initial burden of production for summary judgment by pointing out that the plaintiff does not have enough evidence of an essential element of its claim or defense to carry its burden at trial.[40] The burden then shifts to the plaintiff to provide admissible evidence to show each element of her claim.[41] But when the moving party is the plaintiff, she must show that "no reasonable trier of fact could find other than [in her favor]."[42] Discovery has closed in this case and Harrah's has met its initial burden of production on its summary-judgment motion by pointing out that McPeek does not have evidence of Harrah's liability. McPeek has come forth with some admissible evidence in response—her deposition and declaration—that is sufficient to avoid summary judgment. However, McPeek has not carried her separate burden as a summary-judgment movant to shift the burden to Harrah's to avoid her summary-judgment request. Accordingly, neither party is entitled to summary judgment in its favor on the issue of liability.

**D.    The relative fault of the parties is genuinely disputed.**

Harrah's next argues that McPeek's comparative negligence bars recovery: McPeek's negligence was greater than its own because McPeek repeatedly encountered a known danger and failed to take reasonable precautions to avoid it—she slipped in the exact same spot three times in less than 24 hours.[43] McPeek responds that she was not negligent because (1) clear water cannot, as a matter of law, be an open and obvious danger; (2) she exercised reasonable care each time she exited the elevator; and (3) she reasonably believed that Harrah's had cleaned up the water after each

---

ECF 59-1, McPeek's MedicWest Ambulance records, ECF 52-4, and McPeek's Sunrise Hospital records, ECF 52-8.

[39] *Orr*, 285 F.3d at 774 (collecting cases).

[40] *See Nissan Fire & Marine Ins. Co v. Fritz Co.*, 210 F.3d 1099, 1106 (9th Cir. 2000).

[41] *Orr*, 285 F.3d at 783.

[42] *Indep. Cellular Tel., Inc. v. Daniels & Associates*, 863 F. Supp. 1109, 1113 (N.D. Cal. 1994).

[43] ECF 52 at 10–11.

slip, so she was more surprised each time.[44] Harrah's responds that its comparative negligence argument is not based on the open-and-obvious-danger-doctrine but, rather, McPeek's subjective knowledge of the danger bars recovery.[45]

In Nevada, a plaintiff's negligence only bars recovery if it is greater than a defendant's.[46] The Nevada Supreme Court has adopted the Second Restatement approach that a landowner is liable to his invitees for physical harm—even if the harm is caused by an activity or condition on the land whose danger is known or obvious—if the harm is foreseeable to the landowner "despite such knowledge or obviousness."[47] Thus, "[t]he invitee's knowledge of the danger does not [automatically] bar recovery."[48]

McPeek testified at her deposition that, when she left her room hours before her third slip, she checked the elevator landing and did not see any water.[49] But when she returned to the landing hours later, she again slipped on water the floor.[50] A jury could find that McPeek exercised reasonable care by checking the landing when she left or that she reasonably believed that Harrah's had cleaned up the water after she reported it to the front desk. A jury could also find that Harrah's should have anticipated McPeek's third slip despite her knowledge that water had previously accumulated on the landing, especially after the second slip. Because reasonable minds could differ on whether Harrah's or McPeek were in fact negligent and whose negligence was greater, Harrah's is not entitled to summary judgment under a theory of comparative negligence.

---

[44] ECF 59 at 11.

[45] ECF 63 at 10.

[46] NEV. REV. STAT. § 41.141.

[47] See Restatement (Second) of Torts § 343(A)(1) (1965); Rogers v. Tore, Ltd., 459 P.2d 214, 215 (Nev. 1969) (adopting second restatement approach).

[48] Rogers, 459 P.2d at 215.

[49] ECF 52-3 at 39:17–25.

[50] Id. at 41:6–7.

E.  **Harrah's is entitled to partial summary judgment on McPeek's claimed medical expenses because she cannot prove causation.**

Harrah's next argues that it is entitled to summary judgment on McPeek's claimed medical expenses—except her initial hospital visit—because she cannot prove causation.[51] Harrah's points out that McPeek has provided no evidence to show that her claimed medical expenses from September 2010 to the present were incurred as a result of her slip at Harrah's or that the slip exacerbated her pre-existing injuries.[52] Further, that McPeek's treatment providers have either attributed her claimed injuries to her previous surgeries or have been unable to identify the source of her continued discomfort.[53]

McPeek responds that Harrah's ignores the "eggshell plaintiff" rule, which provides that a wrongdoer takes his victim as he finds him and will be held responsible for aggravating pre-existing injuries.[54] McPeek argues that she can prove causation because she has moved to reopen discovery to designate a causation expert who will testify that her treatments were related to her slip at Harrah's.[55]

But the eggshell-plaintiff rule does not absolve McPeek from her burden of proving that Harrah's negligence caused her actual damages. The plaintiff has the burden of proving that the defendant's negligence caused the harm.[56] Though a wrongdoer "takes his victim as he finds him;"[57]

---

[51] ECF 52 at 11.

[52] *Id.* In 2007 McPeek slipped and injured her right hip and back. ECF 52-3 16:11–17:20. She had hip surgery in 2008 and again in 2010, when she had her right hip replaced. *Id.* 17:21–18:5, 18:25–19:13. Some time after 2007 and before her trip to Las Vegas, McPeek was also diagnosed with chronic back pain. *Id.* 64:19–65:6.

[53] ECF 52 at 6.

[54] ECF 59 at 13.

[55] *Id.* at 14.

[56] Restatement (Second) or Torts § 433(B)(1).

[57] *Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175 (9th Cir. 2002).

he is not responsible for the pre-existing injury itself, though he may be liable for its exacerbation.[58] Thus, McPeek may satisfy her burden of proving causation by demonstrating either that (1) the slip at Harrah's caused her claimed injuries or (2) the slip at Harrah's exacerbated her pre-existing injuries, resulting in the symptoms she now complains of.

McPeek has not offered any admissible evidence to prove causation under either method. McPeek's proffered expert causation report[59] is excluded under Civil Rule 37(c)(1) and this court's previous orders because it is grossly untimely and McPeek has not shown that her tardiness was substantially justified or harmless.[60] Because this report is inadmissible, she cannot rely on it to avoid summary judgment.[61]

After discovery has closed, a moving defendant may carry its initial burden of production for summary judgment by showing that the plaintiff does not have enough evidence of an essential element of its claim or defense to carry its burden at trial.[62] The burden then shifts to the plaintiff to provide admissible evidence to show each element of her claim.[63] Discovery has closed in this case and Harrah's has met its initial burden of production by pointing out that McPeek does not have evidence of causation. McPeek was obligated to come forward with admissible evidence in response, and she has failed to do so. Because McPeek has not offered any admissible evidence to show that her alleged medical expenses from September 2010 to present were reasonably incurred as

---

[58] See Matlock v. Greyhound Lines, Inc., 2010 WL 3171262, * 5 (D. Nev. Aug. 2010) (approving jury instruction stating "[a] tortfeasor will be held responsible where the effect of its negligence is to aggravate a preexisting condition or disease. It is no defense to an award of full damages that the plaintiff's injury was amplified by the preexting condition for which the defendant was not responsible.").

[59] McPeek filed her causation expert's report as a supplement to her motion to extend discovery. ECF 60. That motion was denied. ECF 64.

[60] FED. R. CIV. P. 37(c)(1); ECF 64, 72, 73.

[61] FED. R. CIV. P. 56(c); Orr, 285 F.3d at 773–74 (holding that a court considers only properly authenticated, admissible evidence in deciding a motion for summary judgment).

[62] See Nissan Fire & Marine Ins. Co v. Fritz Co., 210 F.3d 1099, 1106 (9th Cir. 2000).

[63] Orr, 285 F.3d at 783.

a result of her slip at Harrah's, no genuine dispute of material fact exists for trial. Accordingly, I grant Harrah's motion for partial summary judgment on McPeek's ability to recover her medical expenses after the Sunrise Hospital visit. Trial will proceed only as to those medical expenses claimed by McPeek that are related to her initial visit to Sunrise Hospital immediately following the third slip.

**F.    Harrah's is entitled to partial summary judgment on any claim for future damages.**

Harrah's also argues it is entitled to summary judgment on any claim for future damages because McPeek has offered no evidence to support an award for future medical expenses.[64] Harrah's argues that McPeek's treating physicians cannot opine on future medical expenses, care, or damages because McPeek did not designate any of these physicians as an expert and future damages are beyond the scope of the treatment they provided.[65] McPeek responds that she can prove future damages because she has moved to reopen discovery to designate a life-care-plan expert who will opine on her future treatment costs.[66]

Harrah's is correct that McPeek cannot prove future damages through her treatment providers. "[W]hen a treating physician morphs into a witness hired to render expert opinions that go beyond the usual scope of a treating doctor's testimony, the proponent of the testimony must comply with Rule 26(a)(2)" and timely disclose an expert witness report.[67] McPeek did not designate any of her treatment providers as expert witnesses, nor has she disclosed a single expert witness report on the issue of future damages. Moreover, McPeek did not designate a life-care plan expert and this court has refused McPeek's requests to reopen discovery to allow her to do so.[68] Like her causation expert's testimony, McPeek's life-care-plan expert's testimony is excluded under Civil

---

[64] ECF 52 at 14–15.

[65] *Id.* at 15.

[66] ECF 59 at 14.

[67] *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 821 (9th Cir. 2011).

[68] ECF 64, 72, 73.

Rule 37(c)(1) and this court's previous orders.[69] Because McPeek has not offered any evidence to support a claim for future damages, Harrah's is entitled to summary judgment on any claim for future damages.

## Conclusion

Accordingly, it is HEREBY ORDERED that defendant's Motion for Summary Judgment **[ECF 52] is GRANTED in part and DENIED in part**. Although plaintiff's claim survives, at trial she cannot seek her medical expenses after the initial Sunrise Hospital visit immediately after the third slip nor can she seek future damages.

IT IS FURTHER ORDERED that plaintiff's Countermotion for Partial Summary Judgment **[ECF 59] is DENIED.**

This case is referred to the magistrate judge for a settlement conference. The parties' obligation to file their joint pretrial order will be stayed until 15 days following the settlement conference.

Dated this 9th day of September, 2015

_____
Jennifer A. Dorsey
United States District Judge

---

[69] FED. R. CIV. P. 37(c)(1); ECF 64, 66, 73.